IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERIC DAVID KELLER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**T-MOBILE,** )<br>)<br>**Defendant.** )<br>_____) | Case No. 16-2143-CM |

## MEMORANDUM AND ORDER

Plaintiff Eric David Keller filed this case pro se in the District Court of Douglas County, Kansas, claiming that defendant T-Mobile breached a duty to detect fraud on plaintiff's cell phone account. Defendant removed the case to federal court and moved to compel arbitration (Doc. 7). Plaintiff initially failed to respond to defendant's motion, and the court ordered plaintiff to show cause why the motion should not be granted as uncontested. Plaintiff responded to the court's order on June 6, 2016, conceding that the case should proceed to arbitration (Docs. 12, 13).

The Federal Arbitration Act ("FAA") "evinces a strong federal policy in favor of arbitration." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). When an agreement contains an arbitration clause, "a presumption of arbitrability arises. . . ." *Id.* (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

A defendant bears the initial burden of showing that an arbitration agreement is valid. *SmartText Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1262–63 (D. Kan. 2003) (citations omitted). Once the defendant has met this burden, the plaintiff must show that a genuine issue of fact remains about the agreement. *Id.* at 1263 (citations omitted). The court applies ordinary state-law principles

that govern the formation and interpretation of contracts when evaluating whether the parties have agreed to arbitrate a particular dispute. *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 475 (10th Cir. 2006).

Here, plaintiff entered into a cell phone service agreement with defendant. That agreement includes an agreement to arbitrate, and plaintiff does not challenge its validity. The language in the arbitration clause is broad, governing "ANY AND ALL CLAIMS OR DISPUTES IN ANY WAY RELATED TO OR CONCERNING THE AGREEMENT, OUR SERVICES, DEVICES OR PRODUCTS, INCLUDING ANY BILLING DISPUTES . . . ." (Doc 7-2 at 2.) This language covers plaintiff's claim, which is that defendant "failed to initiate a timely investigation" into plaintiff's claims of fraud leading to illegitimate charges on plaintiff's account. Under the parties' contract, plaintiff also had an option to pursue his claim in small claims court, but the damages he seeks (nearly $1.2 million) exceed the jurisdictional cap for Kansas small claims court. Arbitration is therefore the appropriate avenue for plaintiff's claim.

**IT IS THEREFORE ORDERED** that Defendant T-Mobile's Motion to Compel Arbitration (Doc. 7) is granted.

**IT IS FURTHER ORDERED** that the case is stayed pending arbitration.

Dated this 15th day of June, 2014, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**