**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ERIC DAVID KELLER,**

    **Plaintiff,**

    **v.**     **Case No. 16-2143**

**T-MOBILE,**

    **Defendant.**

## MEMORANDUM & ORDER

This matter comes before the court upon plaintiff's Motion to Remove Case from Arbitration and Proceed with a Case Management Order or in the Alternative, Motion to Compel a New Arbitration Proceeding. (Doc. 16). Plaintiff Eric David Keller filed this case claiming defendant T-Mobile failed to timely investigate and resolve a fraud claim on plaintiff's account. The case proceeded to arbitration, with an award for defendant. Plaintiff seeks to remove the case from arbitration or, alternatively to compel a new arbitration, due to bias of the arbitrator and unfairness in the hearing. The court denies plaintiff's motion for the reasons discussed below.

### I. Background

On January 12, 2016, plaintiff filed a petition against defendant in Douglas County District Court. Plaintiff is a Kansas citizen and defendant is a corporation of Delaware and Washington. Plaintiff claims that defendant allowed someone other than plaintiff to open an account in plaintiff's name and then failed to resolve the fraud report or investigate in a timely matter. Defendant removed the case to federal court and moved to enforce the contract's arbitration clause. Plaintiff subsequently agreed to arbitration. At plaintiff's request, the American Arbitration Association ("AAA") assigned an arbitrator and the case proceeded to arbitration.

The AAA appointed Bradley Haddock to serve as arbitrator for the case.  Arbitrator Haddock received the filings of the claims in the case.  Arbitrator Haddock then proceeded to a scheduling conference, which both parties attended telephonically.  At the conference, the parties set a deadline of July 12, 2017, for exchange of exhibits and other evidence.  On July 12, 2017, defendant provided exhibits and all other evidence being used at the arbitration.  Plaintiff did not provide any exhibits or other evidence by the deadline.

During the arbitration proceedings, plaintiff challenged Arbitrator Haddock's impartiality twice.  Both times, the accusations were deemed baseless.  Plaintiff first requested a new arbitrator from AAA because he believed Arbitrator Haddock was biased.  On May 3, 2017, AAA denied plaintiff's request.  Then, on June 13, 2017, Arbitrator Haddock denied plaintiff's direct request to excuse himself as arbitrator.  Plaintiff claimed Arbitrator Haddock's history of representing large, capitalist businesses would bias Arbitrator Haddock against a small plaintiff like him.  He did not provide evidence of this bias besides Arbitrator Haddock's clientele history.  Additionally, plaintiff claims in the present motion—but not in the previous two challenges—that one of plaintiff's family members struck Arbitrator Haddock's car in a drunk driving incident and, therefore, Arbitrator Haddock cannot remain unbiased.  But plaintiff provides no evidence for this claim in this motion.

Plaintiff and defendant proceeded to arbitration before Arbitrator Haddock.  The arbitrator held an evidentiary hearing on August 2, 2017.  Plaintiff could not attend due to "unforeseen circumstances" at the prison where plaintiff is housed.  The circumstances involved another inmate. The following day, plaintiff informed Arbitrator Haddock and defendant that he could not attend the hearing and requested a new hearing.  Despite this, Arbitrator Haddock entered an award in favor of defendant.  Plaintiff now asks this court for relief on grounds of arbitrator bias and unfairness in the hearing.

## II.     Pro Se Standard

Where a plaintiff proceeds pro se, the court construes his filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the federal and local rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

## III.    Discussion

### A.      Defendant's motion to remove the case from arbitration is denied.

Plaintiff, in both the disputed contract and by stipulation to the court, agreed to arbitration. Plaintiff now argues that arbitration should have never occurred. However, plaintiff stipulated to arbitration in a document filed with the court, and no reason exists to set aside this stipulation. Once parties enter into agreement to arbitrate, the entire contract is submitted to arbitration to render a decision. *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1146 (10th Cir. 1982). Therefore, this court will not displace the agreement to arbitrate.

### B.      Defendant's motion to compel a new arbitration proceeding is denied as no grounds under the Federal Arbitration Act exist for vacating the arbitration order.

The Federal Arbitration Act ("FAA") applies to this arbitration, even if the contract is fraudulent. The FAA applies for two reasons. First, the disputed contract terms specify the contract affects interstate commerce and, therefore, the FAA applies. However, even if this term was not present, the FAA would still apply. The FAA applies if arbitration agreements involve interstate commerce. 9 U.S.C.A § 2; *Volt Info. Servs., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989). Plaintiff is a Kansas citizen and defendant is a corporation of Delaware and Washington. By nature, the cell phone agreement involves interstate commerce. Assuming that

-3-

plaintiff is correct and the contract is fraudulent, that does not invalidate the agreement to arbitrate. If plaintiff claims the entire contract was fraudulent, rather than just the arbitration agreement, then plaintiff's fraud argument is left for the arbitrators to decide rather than the courts. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406 (1967); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444–45 (2006). In this case, plaintiff claimed fraud in the entire contract, not just the arbitration agreement. Therefore, plaintiff's fraud claim is left to the arbitrator.

Arbitration decisions receive great weight in federal court. Courts "must give extreme deference to the determination of the arbitration panel" as the standard of review for "arbitral awards is among the narrowest known to law." *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (quoting *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000)). Specifically, under the FAA, a court can only vacate arbitral awards in very unusual circumstances. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013). Statutorily, a district court may only vacate an arbitral award when

> (1) The award was procured by corruption, fraud or undue means;
> (2) Where there was evident partiality or corruption in the arbitors, or either of them;
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1–4) (West 2002). Outside of statutory reasons, courts may additionally vacate arbitrator awards for a few judicially-created reasons. *Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla.*, 636 F.3d 562, 568 (10th Cir. 2012). Courts have created three reasons to vacate an arbitration award: public policy violations, disregard for the law, or the denial of a fundamentally fair hearing. *Id.* Plaintiff does not claim, and evidence does not support, claims of misconduct, corruption,

exceeding power, public policy violations or disregard for the law. Therefore, the court only needs to analyze partiality and denial of a fundamentally fair hearing.

### *Arbitrator Bias Against Plaintiff*

No evidence exists to overcome the presumption that the arbitrator was an unbiased decider. A presumption exists the arbitrator was unbiased that can only be set aside with "direct and definitive" evidence. *Ormsbee*, 668 F.2d at 1150. Plaintiff claims that Arbitrator Haddock was biased against him and, therefore, could not serve as a fair arbitrator. Specifically, plaintiff states that Arbitrator Haddock's history of representing large firms and business prevents him from finding for small plaintiffs, like the plaintiff. If plaintiff's claims have merit, then the court could order a new arbitration. 9 U.S.C. § 10(a)(2).

Plaintiff properly lodged a complaint with both the AAA and with the arbitrator. Both the AAA and Arbitrator Haddock, after analyzing the complaint, found the complaint was without merit. This court agrees. Upon reviewing the evidence provided to both AAA and Arbitrator Haddock, none supports the proposition that the arbitrator was biased. Therefore, the court will defer to the judgment of AAA and the arbitrator.

In this motion, plaintiff also raised a new claim to prove the arbitrator was biased. Neither the AAA nor the arbitrator analyzed this claim when deciding whether Arbitrator Haddock was impartial. Plaintiff claims the arbitrator is biased because one of plaintiff's family members hit the arbitrator in a drunk driving incident. But plaintiff provides no evidence to support this claim. This claim lacks foundation, and the court denies it.

### *Fundamentally Fair Hearing*

Plaintiff received a fundamentally fair hearing despite not having access to a phone to attend the arbitration hearing. Courts can vacate arbitral awards for denial of a fundamentally fair hearing.

*Burlington N.*, 636 F.3d at 586.  A fundamentally fair hearing has three elements: (1) notice, (2) opportunity to be heard, and (3) the opportunity to present relevant and material evidence and argue before unbiased decision makers.  *Bad Ass Coffee Co. of Haw. v. Bad Ass Coffee Ltd. P'Ship*, 25 Fed.Appx. 738, 743 (10th Cir. 2001) (quoting *Bowles Fin. Grp., Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1013 (10th Cir. 1994)).  Plaintiff had notice; therefore, the only issues are whether plaintiff had the opportunity present relevant and material evidence and the opportunity to be heard.

Plaintiff had an opportunity to present relevant and material evidence and argue before an unbiased decision maker.  In accordance with the agreement in the preliminary telephone conference, the parties had until July 12, 2017 to provide copies to the opposing party of "all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the hearing."  (Doc. 17, at 3.)  While defendant provided its exhibits to plaintiff, plaintiff did not provide anything to defendants.  Therefore, the arbitrator had all the relevant evidence he needed, since plaintiff would not be able to provide any nondisclosed evidence at the time of the hearing.  Additionally, since the original complaint filed in court was used as the complaint for the arbitration, plaintiff had the opportunity to argue his case in the complaint.  Therefore, plaintiff had both an opportunity to present evidence and argue before decision makers.

Similarly, plaintiff had the opportunity to be heard by filing his complaint and presenting evidence.  If claims are facially deficient or lack relevant evidence, arbitration panels have "full authority to dismiss . . . claims without permitting discovery or holding an evidentiary hearing."  *Sheldon*, 269 F.3d at 1207.  An arbitration hearing is not even required.  Here, plaintiff had an opportunity to be heard and missed it—although it may not have been his fault.  The arbitrator was within his power to make a decision without having a hearing with both parties.  Plaintiff therefore had a fundamentally fair hearing.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remove Case from Arbitration and Procced with a Case Management Order or in the Alternative, Motion to Compel a New Arbitration Proceeding (Doc. 16) is denied.  As a result, plaintiff's motions (1) motion to schedule case management conference (Doc. 19); (2) motion to introduce newfound evidence (Doc. 20); and (3) motion to submit witness statement (Doc. 22) are denied as moot.

Dated January 25, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**　　　　　
**CARLOS MURGUIA**
**United States District Judge**