**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ERIC DAVID KELLER,

    Plaintiff,

    v.

T-MOBILE,

    Defendant.

Case No. 16-2143-CM

## MEMORANDUM & ORDER

This matter comes before the court upon plaintiff's Motion to Vacate the Arbitration Award and Judgment (Doc. 27). Plaintiff Eric David Keller filed this case claiming defendant T-Mobile failed to timely investigate and resolve a fraud claim on plaintiff's account. The case proceeded to arbitration, with an award for defendant issued on August 23, 2017. On November 16, 2017, plaintiff sought to remove the case from arbitration or, alternatively to compel a new arbitration, due to bias of the arbitrator and unfairness in the hearing. The court denied that motion on January 25, 2018. Six months later—on July 25, 2018—plaintiff filed the instant motion to vacate. For the following reasons, the court denies the motion.

Plaintiff's motion is both untimely and lacks merit. First, a motion to vacate an arbitration award must be "served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The motion to vacate presently before the court was filed nearly a year after the arbitration award was entered. Although the date the award was delivered to plaintiff is not apparent, it appears that it was delivered by November 2017, when plaintiff filed his motion to remove the case from arbitration (Doc. 16). A party who fails to effect timely service of a motion to vacate waives the

-1-

right to judicial review of the award. *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007). Plaintiff's motion is untimely, and the court denies it on that basis.

Alternatively, the court denies the motion on its merits. Plaintiff filed his first motion challenging the arbitration award on November 16, 2017, which was within three months of the award. The court denied that motion on January 25, 2018, specifically holding that there was not a basis for vacating the award. (Doc. 23 at 4–6). That reasoning still applies here, and the court adopts it by reference. Even if the court were to consider the present motion as one for reconsideration of its prior order, plaintiff did not file such motion within the time limits of D. Kan. R. 7.3, and did not show any valid basis for reconsideration.

As a final note, defendant asked this court to administratively close the case. That request is denied, but if defendant believes nothing remains for consideration in this case, defendant may seek dismissal of the case.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Vacate the Arbitration Award and Judgment (Doc. 27) is denied.

Dated October 29, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**