**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ERIC DAVID KELLER,**

      **Plaintiff,**

      **v.**

                      **Case No. 16-2143-CM-TJJ**

**T-MOBILE,**

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Eric David Keller filed this case claiming defendant T-Mobile failed to timely investigate and resolve a fraud claim on plaintiff's account. The case proceeded to arbitration, with an award for defendant issued on August 23, 2017. On November 16, 2017, plaintiff sought to remove the case from arbitration or, alternatively to compel a new arbitration, due to bias of the arbitrator and unfairness in the hearing. The court denied that motion on January 25, 2018. Six months later—on July 25, 2018—plaintiff filed a motion to vacate. The court denied that motion on October 29, 2018. Now the matter again is before the court upon a number of motions:

- Plaintiff's Motion for Appointment of Counsel (Doc. 38);

- Defendant's Motion to Dismiss (Doc. 40);

- Plaintiff's Motion to Set Aside Stipulation to Arbitrate (Doc. 41);

- Plaintiff's Motion for Hearing and Oral Argument (Doc. 42); and

- Plaintiff's Motion to Reconsider (Doc. 43).

The court first takes up defendant's motion to dismiss. Defendant asks the court to dismiss the case with prejudice because the arbitration award is final and there is no remaining case or controversy before this court. Plaintiff argues that the case should not be dismissed because the arbitration award

-1-

should be vacated or set aside. But this court has already denied plaintiff's request to vacate the arbitration award. Plaintiff asks the court to reconsider that decision in Doc. 43, but plaintiff has not identified a valid basis for reconsideration. Plaintiff's request remains untimely, as the court held in Doc. 39. And plaintiff's request also fails on the merits, as the court discussed in detail in Doc. 23. Dismissal of this case is proper.

In defendant's reply brief, defendant asks the court to impose filing restrictions on plaintiff. "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). The court has the inherent power to impose filing restrictions "if they respond to 'lengthy and abusive' litigation history." *Greenlee v. U.S. Postal Serv.*, No. 06-2167-CM, 2007 WL 141016, at \*6 (D. Kan. Jan. 17, 2007) (citing *Guttman v. Wildman*, 188 F. App'x 691, 698 (10th Cir. 2006)). At this time, the history before the court has not reached the level of "lengthy and abusive." But the court does put plaintiff on notice that further filings in this case seeking the same relief will likely result in restrictions. The arbitration award is final. This case is being dismissed, and the time to ask for appointment of counsel and a hearing has passed. The court has already addressed plaintiff's arguments for vacating the arbitration award, and the court will not continue to consider motions making the same claims. The court understands that plaintiff is dissatisfied with the outcome of the arbitration proceedings. But plaintiff has already challenged the result, multiple times, reiterating variations of the same arguments. Plaintiff's arguments did not entitle him to relief the first or second time—nor do they now.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 40) is granted. The case is dismissed with prejudice. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 38); Plaintiff's Motion to Set Aside Stipulation to Arbitrate (Doc. 41); Plaintiff's Motion for Hearing and Oral Argument (Doc. 42); and Plaintiff's Motion to Reconsider (Doc. 43) are denied.

The case is closed.

Dated January 15, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**